UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHARON HANSBROUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 12-2746-STA-tmp |
| | ) |
| TITLEMAX OF TENNESSEE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff Sharon Hansbrough's ("Plaintiff") Objections to the Magistrate Judge's Report and Recommendation on Defendant Titlemax of Tennessee's ("Defendant") Motion for Judgment on the Pleadings.[1] (D.E. # 30). On July 19, 2013, Magistrate Judge Pham issued a report and recommendation that Defendant's Motion for Summary Judgment be granted. (D.E. # 29). Plaintiff filed timely objections to the Magistrate Judge's report on August 5, 2013. For the following reasons, the Magistrate Judge's Report is **ADOPTED**.

Federal Rule of Civil Procedure 72(b)(2) states "Within 14 days after being served with a

---

[1] As the Magistrate Judge correctly noted in his Report and Recommendation, Federal Rule of Civil Procedure 12(d) states that if matters outside the pleadings are presented on a motion under Rule 12(b)(6) or 12(c), the court must treat the motion as one for summary judgment under Rule 56. Because both parties presented evidence outside the pleadings, the Magistrate Judge properly treated this motion as one for summary judgment and the Court will likewise treat it as such.

copy of the recommended disposition, a party may serve and file *specific written objections* to the proposed findings and recommendations."[2]  A general objection to a report is insufficient and has the same effect as a failure to object.[3]  When a party fails to object to a magistrate judge's report, she waives her right to appeal.[4]

Plaintiff fails to identify any specific objection to the Magistrate Judge's Report.  Rather, Plaintiff merely reasserts facts already alleged in her pleadings and briefing.  Plaintiff also attempts to explain deficiencies in the record cited by the Magistrate Judge by providing additional evidence.  However, because this evidence was not before the Court on Defendant's Motion for Summary Judgment, the Court cannot now consider it.  Beyond this reiteration of her allegations and an assertion in her belief that she has provided adequate documentation, Plaintiff presents no objections to anything in the Magistrate Judge's report.

Because Plaintiff has failed to make any specific objections to the Magistrate Judge's Report and Recommendation, any objections are waived and the Court hereby **ADOPTS** the Report and Recommendation.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 6, 2013.

---

[2] Fed. R. Civ. P. 72(b)(2) (emphasis added).

[3] *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991).

[4] *Id.* at 508 ("a party waives his or her right to appeal by failing to file objections to a magistrate's report and recommendation.").